IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-3111 |
| | § | |
| **BERNICE ATKINS,** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff PHH Mortgage Corporation ("PHH" or "Plaintiff") files this *Original Complaint* against Defendant Bernice Atkins ("Defendant") and shows:

**I.    PARTIES**

1. PHH is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Decedent Hilbert Arvie ("Decedent") was a borrower under a loan agreement. Decedent died on or about April 11, 2022. Upon information and belief, no probate is open for Decedent's estate in Fort Bend County, Texas, the county where the subject Property is located or in the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedent ("Heirs"), whether known or unknown, acquired all of the Decedent's estate, including an undivided interest in the subject real property, immediately upon Decedent's death. Decedent's Heirs are each made a party in this proceeding.

4. Defendant Bernice Atkins is a borrower and co-mortgagor on the Loan Agreement described below. Bernice Atkins is also an heir and wife of Decedent. Bernice Atkins may be

served with process at 16210 Bantam Ridge Court, Houston, Texas 77053, or at any other place which she may be found. Summons is requested.

## II.   PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 16210 Bantam Ridge Court, Houston, Texas 77053 (the "Property") and more particularly described as follows:

> LOT(S) 10, IN BLOCK 1, OF RIDGEMONT SEC. 8, A SUBDIVISION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED AT PLAT NUMBER 20040164 OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.

## III.   DIVERSITY JURISDICTION AND VENUE

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. Plaintiff is a corporation with its principal place of business in New Jersey. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of New Jersey for diversity purposes.

7. Defendant is an individual and citizen of the state of Texas.

8. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that

will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Fort Bend County Appraisal District shows a total assessed value of the Property at $233,960.00. A true and correct copy of the property search results from the Fort Bend County Appraisal District is attached hereto as **Exhibit F**, and the Court may take judicial notice of the appraised value of the Property from the Fort Bend County Appraisal District's public website at https://esearch.fbcad.org/ by searching the Property address or Property Account O0427194. *See* Fed. R. Evid. 201; *Kew v. Bank of Am., N.A.,* No. H-11-2824, 2012 WL 1414978, at 3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraised value of property published on Harris County Appraisal District's website to satisfy amount in controversy requirement in removed mortgage foreclosure litigation).

11. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Fort Bend County, Texas.

## IV. FACTS

12. On or about April 23, 2014, for value received, Decedent Hibert Arvie and Bernice Atkins ("Borrowers") executed that certain *Note* ("Note") in the original principal sum of $108,211.00 bearing interest at the rate of 4.250% per annum, originally payable to Freedom Mortgage Corporation as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A.**

13. Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Freedom Mortgage Corporation a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Fort Bend County as Instrument No. 2014043885 on May 1, 2014. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. Subsequently, Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for Freedom Mortgage Corporation, its successors and assigns, transferred and assigned the Loan Agreement to PHH Mortgage Corporation. The *Corporate Assignment of Deed of Trust* was recorded in the Official Public Records of Fort Bend County as Instrument No. 2024021340 on March 7, 2024. A true and correct copy of the assignment is attached hereto as **Exhibit C**.

15. Plaintiff is the current holder of the Note, and beneficiary of the Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

16. On or about April 11, 2023, Decedent passed away. To date, no probate has been initiated. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Decedent's heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

17. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

18. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the Lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

19. The Loan Agreement is currently due for the January 1, 2024, payment and all subsequent monthly payments. A *Notice of Default* was sent via certified mail to Borrower, in accordance with the Loan Agreement and the Texas Property Code on February 21, 2024. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

20. The default was not cured, and the maturity of the debt was accelerated. *Notice of Acceleration of Loan Maturity* was sent via certified mail to the Borrowers at the Property address in accordance with the Loan Agreement and the Texas Property Code on June 6, 2024. A true and correct copy of the Notices of Acceleration is attached hereto as **Exhibit E**.

21. In accordance with Fed. R. Civ. P. 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

22. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### V. CAUSE OF ACTION - DECLARATORY JUDGMENT

23. The foregoing is incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this

Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

25. Declaratory Judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. Based on the UNIFORM DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* and the Loan Agreement, Plaintiff seeks a Declaratory Judgment from this Court that it is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in*

> *each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

28. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant who acquired and/or has a potential interest in the Property subject to Decedent's debts.

31. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. In the alternative to non-judicial foreclosure, Plaintiff asserts a cause of action for judicial foreclosure. Plaintiff, as the successor in interest to the original lender, has the right to

enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Loan Agreement. However, Decedent and/or Decedent's estate did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). Plaintiff complied with its contractual obligation by mailing the requisite notice of default and intent to accelerate if the default was not cured. The default was not cured. To the extent not previously accelerated, the maturity date of the Note is accelerated. Plaintiff seeks a judgment for judicial foreclosure of the Property.

## IX. DAMAGES

34. Based on Decedent's breach of his obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least the amount of the payoff of the Loan Agreement and is further entitled to attorneys' fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

## X. ATTORNEY'S FEES

35. As a result of the breach of Decedent's obligation under the Loan Agreement, Plaintiff has been required to retain the undersigned legal counsel to institute and prosecute this action.

36. Under the terms of the Note and Deed of Trust, Decedent agreed to pay all reasonable attorney's fees and costs of court incurred in enforcing the payment and collection of the Note and Deed of Trust, to include any appeal to the Court of Appeals, and/or the Texas Supreme Court. Specifically, paragraph 6(C) of the Note and paragraph 18 of the Deed of Trust allow recovery of reasonable attorney's fees and costs rendered in instituting and prosecuting this action.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas

Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Crystal G. Gibson*
**CRYSTAL G. GIBSON**
Attorney in Charge
Texas Bar No. 24027322
Southern Bar No. 706039
cgibson@mwzmlaw.com

**MITCHELL A. LITTLE**
Texas Bar No. 24138318
Southern Bar No. 3880943
mlittle@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**